IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON C. BRAWNER, ) | |
| ) | |
| Petitioner, ) | Case No. CV 06-238-C-LMB |
| ) | |
| v. ) | |
| ) | MEMORANDUM DECISION |
| COMMISSIONER, SOCIAL SECURITY ) | AND ORDER |
| ADMINISTRATION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Currently pending before the Court is Jason C. Brawner's Petition for Review seeking review of the final decision of Respondent denying his claim for disability insurance benefits and supplemental security income payments. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.

### ADMINISTRATIVE PROCEEDINGS

Jason C. Brawner ("Petitioner" or "Claimant") applied for a period of disability and disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act on October 21, 2003. (AR 28). Petitioner alleged disability beginning September 29, 2003 as a result of anxiety, depression and fatigue. (AR 29). Petitioner's application was denied initially and again after reconsideration. Petitioner

MEMORANDUM DECISION AND ORDER - 1

filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). ALJ R.J. Payne held a hearing on September 27, 2005 at which time Petitioner, represented by counsel, appeared and testified. Susan Dragovich, Ph.D., a medical expert in psychology, also testified.

At the time of the hearing before the ALJ, Petitioner was 32 years of age. He had a high school education and past work experience as a grocery clerk, box boy, cook, pizza maker, and dishwasher. (AR 28-29).

On January 13, 2006, the ALJ issued a decision denying Petitioner's claim because the ALJ found Petitioner could return to his past relevant work as a dishwasher and pizza maker, as well as other simple, unskilled work that would require little contact with the general public. (AR 34).

Petitioner requested the Appeals Council review the ALJ's decision. The Appeals Council denied Petitioner's request on April 28, 2006 making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Petitioner timely filed this instant action. Petitioner argues that the ALJ erred by failing to properly consider and apply the testimony of both medical and vocational experts, and Petitioner requests that the Court remand this matter for the purpose of considering new and material evidence. *Petitioner's Brief in Support of Petition for Review*, pp. 9, 11 (Docket No. 12).

Petitioner requests that the ALJ's decision be reversed or, in the alternative, remanded in order to allow the ALJ an opportunity to further evaluate the evidence.

MEMORANDUM DECISION AND ORDER - 2

## II.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (2005). The second part of that process involves a determination regarding whether the claimant has a "severe impairment." 20 C.F.R. § 416.905(a) (2006). If no "severe" impairment is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975);

MEMORANDUM DECISION AND ORDER - 3

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*.  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Id*. at 1095 (citation omitted).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether it is based on application of proper legal standards.

## III.

## DISCUSSION

### A.     Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920 (1997).

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ concluded that Petitioner has not engaged in substantial gainful activity since his alleged onset date. (AR 29).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). The ALJ found that Petitioner has anxiety and depression, impairments that are "severe" within the meaning of the Regulations. (AR 32).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the answer is in the affirmative, the claimant is

MEMORANDUM DECISION AND ORDER - 5

disabled and benefits are awarded.  20 C.F.R. § 404.1520(d).  In this respect, the ALJ concluded that Petitioner's impairments are not "severe" enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ found that Petitioner's anxiety and depression result in a mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and one episode of decompensation, each of extended duration.  (AR 32).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  In this respect, the ALJ concluded that Petitioner retains the residual functional capacity to perform heavy exertion; and due to his mental impairments he could perform simple, unskilled work when considering his moderate limitations in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, respond appropriately to changes in the work setting, and to set realistic goals or make plans independently of others.  (AR 32).  The ALJ concluded that Petitioner could return to his past relevant work as a dishwasher and pizza maker as well as other simple, unskilled work that would require little contact with the general public. (AR 34).

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his/her impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§

MEMORANDUM DECISION AND ORDER - 6

404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).  Because the ALJ found that Petitioner is capable of returning to his past relevant work, the ALJ did not address this fifth step.

    **B.**    <u>Analysis</u>

Petitioner argues that the ALJ erred by failing to properly consider and apply the testimony of a medical and a vocational expert.  *Petitioner's Brief in Support of Petition for Review*, p. 9 (Docket No. 12).  Petitioner first argues that the ALJ committed legal error by failing to properly consider the testimony of Dr. Susan Dragovich, a psychologist who testified at the hearing as a medical expert with respect to Petitioner's mental condition.  Dr. Dragovich testified that Petitioner suffers from depression and anxiety.  (AR 271-72).  Petitioner points out that Dr. Dragovich found Petitioner is moderately limited in: (1) the ability to carry out detailed instructions, (2) the ability to maintain attention and concentration for extended periods, (3) the ability to interact appropriately with the general public, (4) the ability to respond appropriately to changes in the work setting, and (5) the ability to set realistic goals and make plans independently of others.  *Petitioner's Brief in Support of Petition for Review*, p. 9 (Docket No. 12).  (*See also* AR 274-76).  Petitioner, however, does not explain how the ALJ failed to properly consider these factors and, indeed, review of the ALJ's decision demonstrates that he extensively discussed and considered that Dr. Dragovich had assessed Petitioner with only moderate limitations.

The ALJ specifically noted Dr. Dragovich's testimony that Petitioner "would have moderate limitations in his ability to: carry out detailed instructions; maintain attention and concentration for extended periods; interact appropriately with the general public; respond

MEMORANDUM DECISION AND ORDER - 7

appropriately to changes in the work setting; and set realistic goals or make plans independently of others." (AR 31-32). The ALJ went on to determine that Petitioner "retains the residual functional capacity to perform heavy exertion; and due to his mental impairments he could perform simple, unskilled work *when considering his moderate limitations* in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, respond appropriately to changes in the work setting, and to set realistic goals or make plans independently of others." (AR 32) (emphasis added). Thus, the ALJ relied on Dr. Dragovich's assessment when determining Petitioner's residual functional capacity. Under these circumstances, and in the absence of any detailed argument by Petitioner to support his claim of error, the Court can find no legal error in the ALJ's consideration of Dr. Dragovich's opinions.

Petitioner also challenges the ALJ's consideration of interrogatory responses from Debra Uhlenkott, a vocational expert. *Petitioner's Brief in Support of Petition for Review*, pp. 10-11 (Docket No. 12). Ms. Uhlenkott reported that "[t]he mental limitations as described [in the interrogatory] would most likely preclude the individual from sustaining employment." (AR 130). The ALJ considered Ms. Uhlenkott's opinion, but noted that it "is not binding due to the undersigned finding that claimant retains the ability to perform his past relevant work."[1] (AR 34). The ALJ is correct that although a vocational expert's testimony may be useful at step four, it is "not required." *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).

---

[1] At step four, when it was Petitioner's burden to demonstrate that he was unable to return to his previous job as a dishwasher and pizza maker, the ALJ determined that Petitioner had not met this burden and that he could return to this past relevant work. (AR 34).

MEMORANDUM DECISION AND ORDER - 8

Moreover, the ALJ's determination that Petitioner could return to his past relevant work is supported by the testimony of Dr. Dragovich that a person with the moderate limitations she had assessed could maintain work on a regular and recurring basis if it was simple or non-pressured work (AR 276), and the opinion Dr. Maximo Callao, a reviewing doctor, that Petitioner "would have the capacity to understand and to remember at least simple instructions" and that Petitioner's "ability to maintain a schedule or complete a normal work day/week is not significantly limited." (AR 171).  Dr. Callao also noted that Petitioner's previous employer reports that "there were no difficulties with [Petitioner's] work performance."

Considering the evidence of record that supports the ALJ's decision, and that at step four it was Petitioner's burden to demonstrate his inability to return to past work, the ALJ did not error by not adopting the opinion of Ms. Uhlenkott.

C.     **New and Material Evidence**

Petitioner also requests that the Court remand this matter to the ALJ for consideration of new evidence.  *Petitioner's Brief in Support of Petition for Review*, p. 11 (Docket No. 12).  42 U.S.C. § 405(g) allows a remand for the taking of further evidence upon a showing by a claimant "that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding."  *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (quoting 42 U.S.C. § 405(g) (internal quotation marks omitted)).

The new evidence submitted by Petitioner includes an opinion from a nurse practitioner, Katrina Bentley, which indicates that her office had treated Petitioner for two and one-half years and that he "has difficulties that prevent him from handling the stress of full-time employment."

*Petitioner's Brief in Support of Petition for Review*, Ex. 1 (Docket No. 12).  This letter is dated May 14, 2006, four months after the ALJ issued his decision denying Petitioner's application for benefits and it does not state that Petitioner was unable to work during the relevant time period at issue in the ALJ's decision, i.e., from September 29, 2003 through January 13, 2006.  For this reason alone, the letter does not meet the materiality standard for remand.

Additionally, however, the record considered by the ALJ included an earlier letter from Ms. Bentley regarding her treatment of Petitioner.  (AR 193-94).  The ALJ considered this letter, but noted that Petitioner had advised Ms. Bentley "that he was not able to work due to the increased demands that would be placed upon him but she did not actually opine that the claimant was unable to work and . . . had advised him to seek assistance in obtaining employment."  (AR 33).  Because the ALJ has already considered an earlier opinion of Ms. Bentley provided during the relevant time period, and because an opinion obtained only after an ALJ has issued an adverse determination is less persuasive, *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 2989), it is not necessary to remand this case to the ALJ for consideration of the second, later opinion of Ms. Bentley.

In other words, Petitioner has failed to establish good cause for his failure to earlier incorporate into the record the opinion of Ms. Bentley on Petitioner's ability to work.  Although the May 14, 2006 letter did not exist until after the ALJ's decision was entered, Petitioner was being treated by Ms. Bentley at the time of the ALJ's decision and she provided other information to the ALJ for his consideration.  Under these circumstances, Petitioner could have asked Ms. Bentley to provide her opinion at a time before the ALJ issued his decision, if she was of that opinion at an earlier time.

MEMORANDUM DECISION AND ORDER - 10

Petitioner also seeks a remand for the ALJ to consider a September 27, 2006 award of disability benefits to Petitioner from a Social Security Administration disability examiner for the time period from January 14, 2006 forward. *Petitioner's Brief in Support of Petition for Review*, Ex. 3 (Docket No. 12). Petitioner argues that this decision provides a "clear implication . . . that the Social Security Administration would have awarded Disability benefits to petitioner as of the earlier date of September 29, 2003, had the earlier file been in front of them for review." *Id.* at p. 12. The September 2006 decision, however, specifically notes that "[t]here are CHANGED CIRCUMSTANCES in this claim, due to the progression of mental illness" and, on this basis, "a finding of 'disabled' is justified." *Id.* at Ex. 3, p. 2 (emphasis in original). Because the September 2006 decision expressly relies on the examiner's finding of changed circumstances, it is not clear that benefits would have been awarded had the record before the ALJ at the time of his January 13, 2006 decision contained the May 14, 2006 letter from Ms. Bentley or the decision of the examiner who awarded benefits in September of 2006. For all of these reasons, Petitioner has not demonstrated the good cause necessary for a remand of this case pursuant to sentence six of 42 U.S.C. § 405(g).[2]

## IV.

## CONCLUSION

Although there is some evidence tending to support Petitioner's position, Petitioner's primary contentions appear to be that the ALJ gave too much weight to the evidence upon which

---

[2] Petitioner also submitted an Initial Psychiatric Assessment performed on November 6, 2003 as part of the new evidence upon which he requests a remand to the ALJ. *Petitioner's Brief in Support of Petition for Review*, Ex. 2 (Docket No. 12). However, because this Assessment was already included in the record before the ALJ (*see* AR 195-99) it is not new evidence and, thus, provides no basis for a remand.

MEMORANDUM DECISION AND ORDER - 11

he relied and did not give enough weight to other evidence favorable to Petitioner.  Petitioner argues that the record, when viewed as a whole, supports a conclusion that he was disabled within the meaning of the Act from his alleged onset date.

However, as discussed in this opinion, the ALJ is the fact finder and is solely responsible for weighing and drawing inferences from facts and determining credibility.  *Allen*, 749 F.2d at 579;  *Vincent on Behalf of Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642.  If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, as exists here, the Court may not substitute its interpretation for that of the ALJ.  *Key*, 754 F.2d at 1549.  The Court finds that the evidence upon which the ALJ relied can reasonably and rationally be relied upon to support his conclusion, despite the fact that such evidence may be susceptible to a different interpretation.

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.  Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

**V.**

**ORDER**

Based on the foregoing, the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.



DATED: **June 25, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge